UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIVINE MINISTER MOSIAH OSIRIS RA EL, <br><br> *Plaintiff*, <br> v. <br><br> NORTH STATE ACCEPTANCE, <br><br> *Defendant*. | Civil No. 19-3406 (TJK) |

## MEMORANDUM OPINION

Divine Minister Mosiah Osiris Ra El, on behalf of Tyree Antoine Honablew, initiated the above-captioned civil action in November 2019. Ra El's only filing, which the Court construes to be a complaint, is largely indecipherable. *See generally* ECF No. 1 ("Compl."). Ra El purports to be "an authorized representative of the artificial person/ens legis 'TYREE ANTOINE HONABLEW'" whom Ra El alleges "is non-liable for the fictions [sic] 'damages.'" *Id.* at 2. Ra El further states:

> I am here in *special appearance* on my clients behalf as Consul only to challenge jurisdiction and to have this matter dismissed. I believe this court lacks a jurisdiction. I want to see the supposed personal and subject matter jurisdiction duly placed into evidence and all questions in this affidavit answered on the record and for the record in order to proceed. My client declines the solicitation of this commercial activity.

*Id.*[1] The complaint then lists a series of statements and questions that are either irrelevant or incomprehensible. For example, Ra El asks, "Can you prove that the TYREE ANTOINE HONABLEW named in ALL CAPS in this indictment is a live flesh and blood being and not a corporate artificial person created by the coerced birth certificate issued Mosiah Osiris Ra El's

---

[1] Ra El does not identify any related cases in his complaint or in his Civil Cover Sheet. *See generally* Compl.; ECF No. 1-1 at 2.

Mother at his bearth [sic] by hospital personnel without disclosure of the nature of this document?" *Id.* 3–4. He then references extensive case law that purportedly supports the proposition that the Court cannot proceed without jurisdiction, and that jurisdiction can be challenged at any time. *Id.* at 4–6. Finally, Ra El makes a series of "demands," including:

> It is hereby demanded by Mosiah Osiris Ra El whom is a Public and Divine Minister of an Aboriginal and Autonomous Indigenous Al Moroccan/American religious state and a de jure party in first part to the Original American constitution as part and parcel of We the American People . . . that any and all actions to proceed in any form of prosecution, solicitation, litigation, mitigation, accusation, adjudication, interrogation, search, seizure, harassment, et al against TYREE ANTOINE HONABLEW and Divine Minister Mosiah Osiris Ra El be ceased, disassociated, and desisted with prejudice in this matter . . . . It is hereby demanded a live flesh and blood injured party be produced on the record for the record. . . . It is demanded proof that my client is not a Public Minister of a de jure Foreign organic religious state be produced on the record for the record. . . . It is demanded all parties of the UNITED STATES and COMMON WEALTH OF VIRGINIA produce proof of Nationality or citizenship on the record for the record pursuant to requirements of Diversity of Citizenship subject matter jurisdiction, and if Diverse from the ab origine Muur American Indian Nobility of Mosiah Osiris Ra El and his property TYREE ANTOINE HONABLEW that this unaccepted solicitation be deceased as herein moved.

*Id.* at 7–8. He states that "This true bill must be tendered within 21 calendar days," and closes by calling his pleading "A TRUE NEGOTIABLE INSTRUMENT." *Id.* at 8.

The Court finds that it lacks the power to hear this case. Ra El asserts no cognizable claims and presents no cognizable controversies for the Court to resolve. He does not appear to allege that he was injured by the defendant. Indeed, he does not even refer to the defendant at all after captioning his filing. The Court "may dismiss a complaint *sua sponte* . . . where it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint." *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (quoting *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990)). Ra El's complaint fits the bill.

The complaint must also be dismissed for failing to comply with the Federal Rules of Civil Procedure. While pleadings prepared by *pro se* litigants are not held to the same standard as pleadings prepared by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still comply with those rules. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).[2] Rule 8(a) requires a complaint to include a "short and plain statement" explaining why the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Ra El's complaint fails to do that.

For these reasons, the Court will dismiss the case without prejudice. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 22, 2019

---

[2] Although Ra El indicates on his Civil Cover Sheet that he is proceeding *pro se*, *see* ECF No. 1-1 at 1, he repeatedly states in his complaint that he is acting on behalf of Tyree Antoine Honablew, *see, e.g.*, Compl. at 8. He also asserts that he is not an attorney. *See id.* at 4 ("Mosiah Osiris Ra El does not do 'Attorneys' as I have found them to be injurious to my freedom, life, liberty and pursuit of happiness."). Ra El's lay representation of Honablew is proscribed by law. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).